**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| J. C. PENNEY CORPORATION, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. _____ |
| ASPEN LICENSING INTERNATIONAL INC. | § § § § | |
| Defendant. | § § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, J. C. Penney Corporation, Inc. ("Plaintiff" or "JCP"), files this its Complaint seeking declaratory judgment against Defendant, Aspen Licensing International Inc. ("Defendant" or "ALI"), pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and respectfully states as follows:

## PARTIES

1. Plaintiff, J. C. Penney Corporation, Inc., is a Delaware corporation, having its principal office and place of business at 6501 Legacy Drive, Plano, Texas 75024 and is qualified to do business and is doing business in the State of Texas and in this judicial district.

2. Upon information and belief, Defendant, Aspen Licensing International Inc., is a Florida corporation, having its principal office and place of business at 6615 W. Boynton Beach Blvd., #349, Boynton Beach, Florida, 33437.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this trademark declaratory judgment action pursuant to 28 U.S.C. §§ 2201(a) and 2202 and 15 U.S.C. § 1051 *et seq.* of the Lanham Act, as the claims asserted are for non-infringement of a trademark allegedly registered under the Lanham Act, 15 U.S.C. § 1114 *et seq.* and owned by Defendant. Subject matter jurisdiction is also proper under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121.

4. The Court has jurisdiction over Defendant because Defendant is qualified to do business in the State of Texas, and, upon information and belief, Defendant itself, and/or through its licensees, transacts and solicits business in the State of Texas, including within this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events and occurrences giving rise to this claim occurred in this district. Venue is also proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. Upon information and belief, Defendant owns the trademark ASPEN, U.S. Registration No. 3,001,668 for use on footwear.

7. Upon information and belief, Defendant also owns registrations of the mark ASPEN for use on various other classes of goods.

8. Upon information and belief, Defendant does not provide services, nor manufacture or sell any products under any registered trademark incorporating the word "aspen," including the registered ASPEN mark for use in connection with footwear. Rather, Defendant allegedly licenses Defendant's ASPEN Registrations to third parties.

9. ASPEN is a weak trademark as a matter of law and is entitled to only a narrow scope of protection, if any. Defendant's ASPEN mark lacks commercial strength because it is commonly used by third parties in the marketplace in connection with footwear and because of its generic reference to a geographic location.

10. True and correct copies of screen captures of numerous examples of cold-weather boots offered for sale by various sellers on several different websites as of February 8, 2013 are attached hereto as **Exhibit 1**.

11. Upon information and belief, as a result of the geographic connotation of "Aspen" as a renowned cold-weather winter destination and the significant third party use of the word "aspen" in connection with footwear, consumers do not view the Defendant's ASPEN mark as an indicator of source such that the mark is not entitled to broad trademark protection.

12. Defendant's ASPEN mark lacks conceptual strength and is descriptive or, at best, merely suggestive.

13. JCP owns and operates approximately 1100 retail stores located throughout the United States, as well as one of the largest apparel and home furnishings sites on the internet at www.jcp.com.

14. JCP designs, manufactures and sells its own products marketed under private brands including JCP's registered trademark, THE ORIGINAL ARIZONA JEAN COMPANY.

15. The trademark THE ORIGINAL ARIZONA JEAN COMPANY, is a federally registered trademark, U.S. Registration No. 1,978,252, issued on June 4, 1996, for use in connection with a long list of goods, including footwear.

16. JCP uses the registered THE ORIGINAL ARIZONA JEAN COMPANY trademark both domestically and internationally in connection with the advertising and sale of

high quality apparel, handbags and footwear.  JCP's THE ORIGINAL ARIZONA JEAN COMPANY branded products are sold and distributed primarily through its retail stores in the United States and by sales through its website worldwide.  THE ORIGINAL ARIZONA JEAN COMPANY brand identifies JCP as the source of these goods and assures consumers of the high level of quality, design, appeal and customer satisfaction with which JCP's brands have become synonymous.

17.    As a part of its seasonal winter offerings, JCP introduced a collection of THE ORIGINAL ARIZONA JEAN COMPANY branded cold-weather boots, including the accused cold-weather boots referred to by the style name "Aspen."

18.    On November 6, 2012, Defendant sent a cease and desist demand letter to JCP's headquarters in Plano, Texas (the "Demand Letter") alleging that JCP's advertising and sale of cold-weather boots branded THE ORIGINAL ARIZONA JEAN COMPANY with the style name "Aspen" (the "JCP Accused Boots"), infringed its registered ASPEN trademark. The JCP Accused Boots have been available for purchase at JCP's retail stores and online at www.jcp.com. True and accurate copies of photographs of the JCP Accused Boots and packaging are attached hereto as **Exhibit 2.**

19.    JCP's use of the style name "Aspen" in connection with the JCP Accused Boots is used only in a generic, geographic manner to reinforce the winter theme of the boots, and is not used in a trademark manner.

20.    The word "aspen" is not printed anywhere on the JCP Accused Boots.

21.    THE ORIGINAL ARIZONA JEAN COMPANY trademark is prominently featured on all package and advertising of the JCP Accused Boots and appears on the sewn in label in the JCP Accused Boots.

22. JCP's use of the word "aspen" in connection with the JCP Accused Boots was only as a descriptive style name.

23. JCP has only marketed and sold the JCP Accused Boots under JCP's registered trademark THE ORIGINAL ARIZONA JEAN COMPANY.

24. JCP prominently used its identifying trademark, THE ORIGINAL ARIZONA JEAN COMPANY, in close proximity with the style name, "Aspen," on all product label, packaging and in advertising for the JCP Accused Boots. *See* **Exhibits 2 and 3**.

25. Upon information and belief, there has been no actual confusion among consumers between any products purportedly licensed by Defendant under the ASPEN mark and JCP Accused Boots.

26. Upon information and belief, the products purportedly licensed by Defendant under its ASPEN mark, if any, are marketed and sold in different channels of trade than JCP Accused Boots.

27. On January 9, 2013, JCP responded to Defendant's demand, denying Defendant's allegation of trademark infringement, and clearly explaining the circumstances of JCP's limited use of the word "Aspen" as a style name and not as a trademark for the product.

28. On January 10, 2013, Defendant sent a second letter to JCP at its headquarters in Plano, Texas demanding payment.

29. Defendant continues to demand payment from JCP with harassing and threatening e-mails and telephone calls to JCP's in house counsel at her office located in JCP's Plano headquarters. On January 29, 2013, Defendant specifically asserted that it is "entitled to compensation for sales using the Aspen name," and then again, demanded payment to settle the matter.

30. Defendant is a serial trademark plaintiff, with a long history of making demands for payment for any use of the word "aspen" in connection with a number of goods, regardless of the context of that use. Defendant has made previous demands on JCP and other retailers.

31. Defendant has sued more than 20 companies for trademark infringement since 2006. Moreover, at least three parties, Victoria's Secret, Columbia Sportswear, and Alfred Dunner, have brought declaratory judgment actions against Defendant. Alfred Dunner and Blackstone Investment Group, Inc., sought to cancel The ASPEN registration asserted in Defendant's demand letters to JCP. *See Victoria's Secret Stores, LLC. et al. v. Aspen Licensing International, Inc.*, C.A. No. 1:06-cv-14436 (SDNY); *Columbia Sportswear Company, et al. v. Aspen Licensing International, Inc.* C.A. No. 3:10-cv-01483 (D.Or.); *Aspen Licensing International, Inc., v. Blackstone Investment Group, Inc.,* C.A. No. 9:11-cv-80632 (S.D. Fla.); and *Alfred Dunner, Inc. v. Aspen Licensing International, Inc.* C.A. No. 1:12-cv-01030-CM (SDNY).

32. Defendant's explicit allegations of infringement, demands for payment, and litigation history have created an actual, substantial and justiciable case or controversy between Defendant and JCP with respect to JCP's use of word "aspen" as a style name. Based on Defendant's unjustified infringement allegations, continuous harassment and threats regarding demand of payment, and aggressive litigation history, JCP has a real and reasonable apprehension of being sued by Defendant for trademark infringement and purported money damages if it does not comply with Defendant's demands.

**FIRST CLAIM FOR RELIEF**

**Declaration of Non-Infringement, 15 U.S.C. § 1114(1)**

33. JCP re-alleges and incorporates by reference herein paragraphs 1 through 32 above as is fully set forth herein.

34. An actual controversy exists between JCP and Defendant under 15 U.S.C. § 1114.

35. JCP's use of the word "Aspen" as a style name on one of the boots in the collection of THE ORIGINAL ARIZONA JEAN COMPANY branded cold-weather boots does not infringe Defendant's ASPEN mark.

36. JCP is entitled to a declaratory judgment from this Court that JCP's use of the word "Aspen" as a style name on one of THE ORIGINAL ARIZONA JEAN COMPANY branded cold-weather boots has not infringed any rights allegedly held by Defendant in the ASPEN mark under 15 U.S.C. § 1114(1) or any state law.

37. JCP asserts that this is an exceptional case such that JCP should be required to pay JCP's reasonable attorneys' fees and costs in accordance with 15 U.S.C. § 1117 and other just and proper relief, as permitted by state and federal law.

## SECOND CLAIM FOR RELIEF

### Declaration of No False Designation, 15 U.S.C. § 1125(a)

38. JCP re-alleges and incorporates by reference herein paragraphs 1 through 37 above as is fully set forth herein.

39. An actual controversy exists between JCP and Defendant under 15 U.S.C. § 1125(a).

40. JCP's use of the word "Aspen" as a style name in connection with one of the boots in the collection of THE ORIGINAL ARIZONA JEAN COMPANY branded cold-weather boots is not likely to cause confusion, mistake or deception among the consuming public as to the source, origin, association, sponsorship or endorsement of THE ORIGINAL ARIZONA JEAN COMPANY branded cold-weather boots, or as to the relationship, sponsorship, connection, or affiliation of Defendant and JCP.

41. JCP is entitled to a declaratory judgment from this Court that JCP's use of the word "Aspen" as a style name does not infringe any rights allegedly held by Defendant in the ASPEN mark under 15 U.S.C. § 1125(a) or any state law.

42. JCP asserts that this is an exceptional case such that JCP should be required to pay JCP's reasonable attorneys' fees and costs in accordance with 15 U.S.C. § 1117 and other just and proper relief, as permitted by state and federal law.

## PRAYER FOR RELIEF

WHEREFORE, JCP prays for judgment against Defendant as follows:

A. A declaration that JCP has not infringed any trademark rights owned by Defendant;

B. A declaration that JCP has not committed acts of false designation of origin, false or misleading description of fact, false or misleading representation of fact or unfair competition under federal or state law or otherwise violated Defendant's legal rights;

C. That Defendant, its officers, agents, servants, employees and attorneys and those persons in active concert or participation or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against JCP or any of its related affiliates, or anyone in privity with them with respect to JCP's use of the word "Aspen" as a style name for THE ORIGINAL ARIZONA JEAN COMPANY branded cold-weather boots; and,

D. That Defendant be required to pay JCP its reasonable attorney's fees and costs in connection with this action pursuant to 15 U.S.C. § 1117; and

E. That JCP have such other and further relief as the Court deems just and appropriate.

Date:  February 8, 2013

                                                Respectfully submitted,

/s/ *Melinda Y Balli*
Melinda Y. Balli
Texas State Bar No. 24000109
Diane K. Letelleir
Texas State Bar No. 12241525
J. C. Penney Legal Dept.
6501 Legacy Drive, MS 1122
Plano, Texas 75024
Ph: (972) 431-1256
Fax: (972) 531-1256
myballi@jcp.com
dlettell@jcp.com

**COUNSEL FOR J. C. PENNEY CORPORATION, INC.**